996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delton Lynn TAYLOR, Plaintiff-Appellant,
v.
James ROWLAND, Director, Department of Corrections; Charles
D. Marshall, et al., Defendants-Appellees.
 No. 92-15685.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 21, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Delton L. Taylor appeals pro se the district court's summary judgment in favor of prison officials in Taylor's 42 U.S.C. § 1983 action, alleging his civil rights were violated when a prison guard did not loosen Taylor's handcuffs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any issues of material fact and whether the district court correctly applied the substantive law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 Taylor contends that a correctional officer willfully inflicted physical pain upon him with a pair of handcuffs for over 10 minutes in violation of his eighth amendment rights. This contention lacks merit.
 
 
 5
 Cruel and unusual punishment is the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Estelle v. Gamble 429 U.S. 97, 103 (1976)); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). "This includes not only physical torture, but any punishment incompatible with the evolving standards of decency that mark the progress of a maturing society." Hoptowit, 682 F.2d at 1246. In the context of maintaining prison security, the infliction of pain does not amount to cruel and unusual punishment unless that pain was inflicted "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Therefore, prison officials are accorded great deference to execute measures needed to maintain internal order and security. Whitley, 475 U.S. at 321-322; Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 6
 Here, the record demonstrates that the correctional officer placed handcuffs on Taylor for the purpose of removing him from his cell and transporting him to the holding area. Taylor offered no evidence before the district court to support an inference that the correctional officer applied the handcuffs to him "maliciously and sadistically for the very purpose of causing harm." See Whitley, 475 U.S. at 320-21. Accordingly, the district court did not err by granting the defendants' motion for summary judgment. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3